## MISCELLANEOUS ORDERS

In re Report of the Commission                    :
on Continuing Legal Education.                    :

Richard J. Lubasch,                                :
( # 0039457),                                      :
Respondent.                                        :

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1998–1999 reporting period.

On May 22, 2001, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent, and revoked the corporate status granted to respondent pursuant to Gov.Bar R. VI(4). The court further ordered that respondent comply with the requirements imposed by Gov.Bar R. X, for the 1998–1999 reporting period.

On March 19, 2002, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies, and is now in full compliance with all requirements of Gov.Bar R. X. The commission further certified that respondent had completed the credit hours of continuing legal education required during the period since the revocation of his registration in corporate status. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission be adopted; it·is

determined that respondent has satisfied the requirements of this court's order; and his eligibility to register in corporate status pursuant to Gov.Bar R. X(4) is restored.

IT IS FURTHER ORDERED by the court that respondent shall immediately satisfy the requirements of Gov.Bar R. VI(4)(A), by filing a Certificate of Registration and paying the requisite fee or by notifying the Attorney Registration Office in writing of the termination of employment with the Ohio corporate employer, whichever is applicable.